■ DOUGLAS R. OGILVIE, Appellant, v VILLAGE OF HOOSICK FALLS et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered May 13, 1976 in Rensselaer County, which granted a cross motion for summary judgment dismissing the complaint. On December 20, 1971 plaintiff, the owner and operator of the vehicle, was involved in a collision with a vehicle owned by defendant Village of Hoosick Falls and operated by its employee. It is alleged that shortly thereafter plaintiff was contacted by a claims representative for the village's liability insurance carrier, who told plaintiff that he would be compensated for his personal injuries and property damage, and that there was no need for him to retain an attorney. Plaintiff asserts further that in reliance upon the statements of the claims representative, he undertook oral settlement negotiations directly with him. When these negotiations proved unsuccessful, plaintiff retained an attorney in July, 1972 to prosecute his claim against the village. Plaintiff was advised by his said attorney that he did not have legally sufficient grounds to warrant making an application for leave to serve a late notice of claim, as permitted by subdivision 5 of section 50-e of the General Municipal Law. Thereafter, his attorney negotiated a settlement of plaintiff's personal injury claim, and on April 30, 1973, plaintiff executed a general release in settlement of his claim against the Village of Hoosick Falls for the sum of $8,500.

In a prior motion returnable July 24, 1975, plaintiff sought an order setting aside the general release and granting leave to file a late notice of claim. By order dated August 20, 1975, Special Term denied that motion since more than one year had expired since the date of the accident, and the relief setting aside the release may be granted only in a plenary action. Thereupon, plaintiff commenced the present action seeking to recover damages arising out of the accident of December 20, 1971, more than three years after its occurrence. Defendants' answer sets forth seven affirmative defenses including allegations that plaintiff: (1) failed to file a notice of claim within the 90-day period (General Municipal Law, § 50-e, subd 1); (2) failed to apply for relief from this requirement within one year from the date of the accident (General Municipal Law, § 50-e, subd 5); (3) failed to commence an action within one year and 90 days from the date of the accident (General Municipal Law, § 50-i); (4) executed a valid general release with respect to his claim; and (5) failed to commence the action within three years from the date of accrual of the cause of action (CPLR 215, subd 5). In denying plaintiff's motions for dismissal of the affirmative defenses, or for summary judgment, and in granting summary judgment to the defendants dismissing the action, Special Term concluded that plaintiff's allegations are insufficient to raise triable issues of fact as to whether or not defendants should be estopped from asserting these affirmative defenses, and further, that plaintiff has not demonstrated any valid reason why he should be afforded relief from the effect of the release he executed. We agree with that conclusion. Plaintiff concedes that he executed a general release and that his claim is time-barred by the applicable provisions of the Genreal Municipal Law and the Statute of Limitations. He contends, however, that he should now be permitted to maintain this action because he was improperly represented by the attorney first retained by him, and that because of this improper representation, the prior settlement of his claim against the defendants, which is the subject of the present action, was negotiated by said attorney adversely to his interests. Plaintiff's assertion of impropriety on the part of his former attorney is based on the fact that he was a law partner of an attorney who was the attorney for the defendant Village of Hoosick Falls, and that his former attorney did not disclose this fact to the plaintiff when he undertook to represent him with respect to his claim against the village. Concededly, the Village Attorney does not represent the village in defense of any liability claims or suits, in respect to which the village is represented by attorneys retained by its liability insurance company. As aptly stated by Special Term, "In the absence of any other evidence of a connection between plaintiff's former attorney and the defendants, plaintiff's allegations are insufficient to present a triable issue of fact as to whether plaintiff's former attorney's actions should be attributed to the defendants such that defendants should now be estopped from asserting the defenses previously alluded to." Plaintiff alleges in an affidavit that he retained the law firm in which his prior attorney was a partner to represent him in his claim against the Village of Hoosick Falls; that his former attorney was a partner of the attorney for the village; and that his former attorney did not advise him that he could not represent him because he was a partner of the attorney for the village. Plaintiff does not allege that he did not know that his former attorney's law partner was the attorney for the village when he retained the firm to represent him, but simply places the onus on his former attorney for agreeing to represent him under the circumstances. All that appears is that his former attorney did not consider that the fact that his partner was the attorney for the village should

disqualify him from representing the plaintiff in a negligence claim against the village, a matter in which his partner could not in any manner be involved. Order affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.